EAST CLEVELAND (City) v. BOARD OF EDUCATION

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7309. Decided March 28, 1927

Judges Washburn, Pardee & Funk, 9th Dist., sitting.

1065. SCHOOLS & SCHOOL DISTRICTS— The provisions of Sec. 3963 GC. that no charge shall be made by a city for supplying water for the use of the public school buildings, therein, is a valid exercise of power by the legislature, and cannot be nullified by such city by an ordinance passed in the exercise of the power of local self-government granted by section 3, Article 18 of the constitution.

First Publication of this Opinion

WASHBURN, P. J.

Before the constitutional amendments of 1912, the legislature of the State of Ohio, having granted to municipalities the right to own and operate water works systems, enacted, as part of the municipal code Sec. 3962, providing that in cities and villages having municipally owned and operated water works systems, no chargeshould be made for water furnished the board of education for school buildings.

By the constitutional amendment of 1912, the power of the legislature to confer upon municipalities the right to own and operate water works systems, was taken away and given directly to the municipalities by the constitution, Sec. 4, Art. 18 and at the same time power was conferred upon municipalities "to exercise all powers of local self government."

Thereafter the City of East Cleveland, provided by ordinance that the East Cleveland Board of Education should pay for the water used. This the Board refused to do and an action was commenced in the Cuyahoga Common Pleas to which a demurrer was sustained and this proceeding in error was instituted to reverse the lower court.

The Court of Appeals held:

1. If 3963 GC. is in force and controlling, then the petition of the city of East Cleveland in this case does not state facts sufficient to constitute a cause of action, but if said statute is not in force and said ordinance of said city is valid and controlling, then said petition does state a good cause of action.

2. Not considering the government of the U. S., our state government is the one and only sovereign government in Ohio. The power of such government and the limitations thereof are prescribed in the constitution. Counties, townships, municipalities are agents of state government to which certain powers are delegated to perform certain duties imposed on them by the constitution and the laws of the state.

3. The legislative power for the state as a whole, is by the constitution, vested in the legislature (Art. 2, Sec. 1) and certain limitations in the exercise thereof are also set forth therein.

4. The constitution imposes the duty upon the legislature and confers upon it power "to pass suitable laws to encourage schools and school districts" (Art. 1, Sec. 7), and to make provision "by taxing or otherwise" to secure a good system of schools. (Art. 4, Sec. 2.)

5. The constitution also gives to municipalities the power to construct and operate water works system, (Art. 18, Sec. 4) and the power of local self government. (Art. 18, Sec. 3.)

6. The legislature in performing its duties in reference to public schools acts for the whole state, and affects the whole state, which, by the constitution, are made state wide in their scope.

7. The municipality in operating a water works system acts in a proprietary function and in this instance, acted for a very small part of the state. There is a direct conflict between the two governmental agencies.

8. The power of local self government does not authorize municipalities to enact and enforce legislation which will defeat the sovereign state in the exercise of its sovereignty throughout the state in the performance of a state wide duty especially enjoined by the constitution.

9. Ohio municipalities are not sovereign in any true sense, they are part of the state, they derive their powers from the state, they are bound to discharge the duties imposed upon them by the state, pursuant to the constitution, and the amendment of 1912 does not relieve them of such duties.

10. Before such amendment, power was given the legislature to require the municipality to promote the public schools by furnishing water. This power was not attached with the power of grant, but was given by the constitution, relating to public schools. The power was taken away as a condition to a grant, but it did not take away the power of the legislature to impose that duty by virtue of the provisions of the constitution relating to public schools.

Judgment affirmed.

(Funk & Pardee, JJ., concur.)

Attorneys—E. A. Binyon, Law Dir. for City; Boyd, Cannon, Brooks & Wickham for Board; all of Cleveland.